81,290

# In The Criminal Court Of Appeals Austin, Texas

WELDON BRIDGES
Petitioner
Vs.
The State of Texas
Respondent

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 10 2015

Abel Acosta, Clerk

## Writ Of Quo Warranto
No. _____

1. Motion For Leave To File:
    Writ Of Quo Warranto

2. Oral Arrgument Requested

MOTION DENIED
DATE: 9-11-15
BY: PC

WELDON BRIDGES
Petitioner/Relator
Nathaniel J. Neal Unit
9055 Spur 591
Amarillo, Texas 79107

Motion For Leave: To File Writ Of Quo Warranto
In The Criminal Court Of Appeals  Austin, Texas
Cause No. CR-27979-A

In re:                          § 159th District Court
WELDON BRIDGES                  § Angelina County, Texas


Motion For Leave: To File Writ Of Quo Warranto


To The Honorabl Justices of Said Court:

Comes Now WELDON BRIDGES pursuant to Texas Rules of Appellate Procedure Rule 52, seeking extraordinary relief in review; Vernon's Texas Ann. Goverment Code Of Judges Conduct: Cannon D3 sub. d B(1)(8); Spigner v. Wallis, 808 S.W. 2d 174; Ex parte Raymond Torres, 943 S.W. 2d 464 (Tex. Crim. App 1997); Miller v. State, 866 S.W. 2d 243, 247 (Texas Crim. App. 1993), and will show the Court the following:

## I.

The Court has the authority and jurisdiction to hear this petition; set out in the Texas Constitution Article 5, subsection C; Texas Code Of Criminal Procedure Article 4.04(1).

This is [civil] within a criminal cause and subject to all matters at issue or error applicable and the "Abuse Of Discreation" by Judge (Paul E. White) shall hold or claim.

## II.

The petitioner is in review of his criminal cause No. CR-27974-A (Pending Writ Of Habeas Corpus) in the 159th Judicial District Court in which Judge (Paul White)

1.

is to order show cause hearing and preliminary findings with relator "sire ficia". Relator's petition requests a non-bias judicial officer within as due process of law and fundamental fairness require. The foremention judge(White), must be disqualified.

<u>III</u>.

Petitioner gives the following as fact, from the record, holding disqualification or recusal:

1. On 6-6-2012 petitioner filed DNA Appeal with a recusal motion within. Judge (white) accepted recusal on 8-13-2012 by letter from petitioner, and responded 8-20-2012 saying he would send to Second Regional Administrative Court.

2. Judge (white) "abused his discreation" by acting and issuing [m]any orders during appellate review during interm recusal until finally issued referral order on 2-7-14.

3. Additional Objections are made on 8-5-2013; 12-2-2013; 5-27-2014.

4. Second recusal is filed on 5-27-2014, with a pending Petition For Discreationary Review No. (WR-81,290-1).

5. The Second Administrative Judicial Region of Texas denyed objection 3-3-2014, and sent an order continuing judicial "abuse of discreation".

6. Petitioner filed Writ of Habeas Corpus on 6-17-2015, with objection or "running objection".

7. Petition filed and appeal notice on 7-27-2015 upon (2nd) Order Denying Objection and Recusal.

2.

# VI.

Petitioner is holding [structural or Judicial Grounds at Habeas Corpus Petition: SEE: Ground No. 1], and asks to prohibit said Objected/Recused Judge (White) from the hearing at show cause within relator's case, as Judge (White) has "decline to recuse" himself as stated in Court's Letter on July 13, 2015.

Petitioner reminds the Court: "when a judge violates a mandatory statutory duty to either recuse or disqualify himself or refer a motion to recuse." In re Normon, 141 S.W. 3d 858 (Tex. App-Houston [14th Dist] 2006); Miller v. State, 866 S.W. 2d 243, 247 (Tex. Crim. App. 1993). Disqulification of a Trial Judge may be raised at any time. Gomez v. State, 737 S.W. 2d 315 (Tex. Crim. App. 1987); Arnold v. State, 853 S.W. 2d 543 (Tex. Crim. App. 1993); Wilson v. State, 977 S.W. 2d 379 (Tex. Crim. App. 1998); Ex parte Lefores, 171 Tex. Crim 229, 347 S.W. 2d 254 (1961); Tart v. State, 642 S.W. 2d ~~862 (Tex. Crim. App~~ 244, 245-266 (Tex. App.-Houston [14th.Dist.] 1982); Ex parte Vivier, 699 S.W. 862, 863 (Tex. Crim. App. 1985) holding a writ of quo warranto is the only means to challange the authority of a duly elected district judge.

Judge (Paul E. White) is so challanged.
Cannon 3: Performing the Duties of Judicial Office Impartially and Diligently.
B. Adjudicative Responsibities.
(1) A judge shall hear and decide matters assigned to the judge, [Except] those in which disqualification is required or recusal is appropriate.

3.

Petitioner gives the Original Trial Records as fact. On 5-24-2008 the petitioner's arraignment was held in the 217th Judicial District Court. SEE: Reporter's Record (vol. 2, page 1-5) Appeal No. 12-13-00268-CR C.O.A. Tyler, Texas; Clerk's Record No. 0004, 0019 (Appeal No. 06-12-00109-CR C.O.A. Texarkana, Texas).

Issue A. The 217th Judicial District Court with Judge Barry Bryan, held the Arraignment [159th District Court Did Not], thus the 217th District Court holds jurisdiction over the case and petitioner.

Vernon's Annotated Texas Code Of Criminal Procedure Article 4.16 Concurrent Jurisdiction. "When (2) two or more Courts have concurrent jurisdiction of any criminal offense, the Court In Which An Indictment or a Complaint is filed, Shall Retain Jurisdiction, except as provided in art. 4.12."; Texas Constitution Article V, § 12(b): "the presentment of an indictment vests the court with jurisdiction of the cause."

The filing of indictment is essental to vest the trial court with jurisdiction over felony offense. Cook v. State, 902 S.W. 2d 471, 475 (Tex. Crim. App. 1995); Ex parte Port, 674 S.W. 2d 772, 779 (Tex. Crim. App. 1995); Miller v. State, 909 S.W. 2d 586, 592 (Tex. App-Austin 1995 no pet.); A district courd has no jurisdiction over a criminal case until presented with an indictment or information. Garcia v. State, 901 S.W. 2d 731 [Tex-App. Houston [14th Dist] pdr. ref.; Flores v. State, 487 S.W. 2d 122, 125 (Tex. Crim. App. 1972); Garber v. State, 667 S.W. 2d 611, 613 (Tex. App-El Paso 1484).

4.

Issue(B): The 159 District Court execution of any orders during appellate(recusal) is egregious harm upon petitioner's review.

The 159th District Court (Paul E. White) filing documents that [he] was at the Bench is fraud, and shall be recinded. All ORDERS BY THE 159th District Court ARE VOID.

This should not be confussed with the situation where trial court has jurisdiction over the type of case but has issued a Void Order, Porter v. Vick, 888 S.W. 2d 789 (Tex. 1994). The 159th District Court does have jurisdiction over the type of case, but did NOT HOID Arraignment Hearing to vest jurisdiction over this cause, and is disqulified a habeas corpus court.

Therefore the 159th Judicial District Court or the Honorable Paul E. White, is without jurisdiction over petitioner/relator's cause and shall not act as judicial officers within habeas corpus, and is prohibited to act hereafter upon petitioner's cause. Petitioner prays this Writ of Quo Warranto be ganted, with any further remedies that the Court deems just also be granted; "fiat justia."

Signed 8-4-2015.

Respectfully
Weldon Bridges
WELDON BRIDGES
Nathaniel J. Neal Unit
9055 Spur 591
Amarillo, Texas 79105

cc. file
    C.O.C.A. Austin
    159th

.5

The petitioner ask the Court to waive the required no of copies per: Tex. R. App. P. 9.3.

## Certificate of Service.

I WELDON Bridges, do hereby certify that a true and correct copy of the Writ of Quo Warranto has sent a copy to the Trial Court, and no forwards the original to the Clerk- Abel Acosta via Indigent supply and first class mail.

## Unsworn Declaration

I, Weldon Bridges, TDCJ-ID#1585306, being presently incarcerated in the Nathaniel J. Neal Unit, located at 9055 Spur 591 Amarillo, Texas in Potter County. Declare under penalty of perjury that the foregoing is true and correct.

Signed on 8-4-2015      Weldon Bridges

6.